IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BLUE CROSS AND BLUE SHIELD OF GEORGIA, INC., ET AL., | § § § § § § § § § § § § § § § § § § § § | |
| Plaintiffs, | | CIVIL ACTION NO. |
| v. | | 1:18-cv-01304-MLB |
| DL INVESTMENT HOLDINGS, LLC f/k/a DURALL CAPITAL HOLDINGS, LLC d/b/a CHESTATEE REGIONAL HOSPITAL; RELIANCE LABORATORY TESTING, INC.; MEDIVANCE BILLING SERVICE, INC.; AARON DURALL; JORGE PEREZ; and NEISHA CARTER ZAFFUTO, | | |
| Defendants. | | |

## JOINT MOTION FOR LEAVE TO FILE CONFIDENTIAL SETTLEMENT AGREEMENT UNDER SEAL, AND MEMORANDUM IN SUPPORT

Pursuant to the Court's "Procedures for Electronic Filing Under Seal in Civil Cases," Plaintiffs Blue Cross and Blue Shield of Georgia, Inc. ("BCBS Georgia"); Blue Cross of California, Inc. d/b/a/ Anthem Blue Cross; Anthem Blue Cross Life and Health Insurance Company; Rocky Mountain Hospital and Medical Service, Inc. d/b/a Anthem Blue Cross and Blue Shield; Anthem Health Plans, Inc. d/b/a Anthem Blue Cross and Blue Shield; Blue Cross Blue Shield Healthcare Plan of

68151678.1

Georgia, Inc.; Anthem Insurance Companies, Inc. d/b/a Anthem Blue Cross and Blue Shield; Anthem Health Plans of Kentucky, Inc. d/b/a Anthem Blue Cross and Blue Shield; Anthem Health Plans of Maine, Inc. d/b/a Anthem Blue Cross and Blue Shield; RightCHOICE Managed Care, Inc.; Healthy Alliance Life Insurance Company; HMO Missouri, Inc.; Anthem Health Plans of New Hampshire, Inc. d/b/a Anthem Blue Cross and Blue Shield; Empire HealthChoice Assurance, Inc. d/b/a Empire Blue Cross and Blue Shield; Community Insurance Company d/b/a Anthem Blue Cross and Blue Shield; Anthem Health Plans of Virginia, Inc. d/b/a Anthem Blue Cross and Blue Shield; HMO Healthkeepers, Inc. d/b/a Anthem Blue Cross and Blue Shield; Blue Cross Blue Shield of Wisconsin d/b/a Anthem Blue Cross and Blue Shield; Compcare Health Services Insurance Corporation d/b/a Anthem Blue Cross and Blue Shield; Blue Cross Blue Shield of Michigan Mutual Insurance Company; BCBSM, Inc. d/b/a BlueCross BlueShield of Minnesota; Regence BlueCross BlueShield of Oregon; Regence BlueCross BlueShield of Utah; Regence BlueShield; and Regence BlueShield of Idaho (collectively, "Plaintiffs") and Defendants DL Investment Holdings, LLC f/k/a Durall Capital Holdings, LLC d/b/a Chestatee Regional Hospital, Reliance Laboratory Testing, Inc., Medivance Billing Serv., Inc., Aaron Durall, and Neisha Carter Zaffuto

(collectively the "Settling Defendants"), respectfully seek leave to file their Confidential Settlement Agreement under seal.

On April 8, 2019, Plaintiffs and Settling Defendants executed a Confidential Settlement Agreement, the terms of which require them to keep their entire settlement confidential.  On April 10, 2019, Plaintiffs and Settling Defendants filed a Joint Stipulation and Request for Entry of Dismissal with Prejudice [Dkt. 166] ("Joint Stipulation").  Among other things, the Joint Stipulation seeks dismissal of all claims with prejudice, incorporates the terms of the Confidential Settlement Agreement by reference, and permits the Court to retain jurisdiction to enforce the settlement.  Because the Confidential Settlement Agreement contains sensitive business and private information, the Plaintiffs and Settling Defendants also stipulated that they would seek leave to file it under seal.

The common law right of access to judicial proceedings is not absolute and may be overcome for good cause, which requires balancing the right of access against the interest in keeping information confidential.  *Lee v. Ocwen Loan Servicing, LLC*, No. 14-CV-99-TCB-LTW, 2014 WL 12546415, *1 (N.D. Ga. Jun. 17, 2014).  "Courts have found that a company's interest in keeping the terms of confidential agreements private often outweigh the interest in public access." *Id.* (granting defendant's motion to file settlement agreement under seal because "the

parties to the settlement agreement did agree to keep it confidential and there is a strong societal interest in giving the parties the opportunity to settle their disputes in private," particularly where "the specifics of the settlement agreement, for the most part, are not relevant to this case"), *citing Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007).[1]

Pursuant to the agreed settlement terms reflected in the stipulation, Plaintiffs and Settling Defendants ask that the Court grant leave to file the Confidential Settlement Agreement under seal to facilitate the Court's incorporation of its terms by reference into its Order of dismissal, and thus to ensure that any further proceedings to enforce the Confidential Settlement Agreement's terms may be brought before a Court that is familiar with the underlying litigation. The Confidential Settlement Agreement, its content, and terms are confidential and require that it be kept confidential, and the parties have agreed that it should remain confidential and kept under seal, if filed at all. The Confidential Settlement Agreement also contains private and sensitive business and personal information that would cause competitive harm and prejudice if disclosed, which also requires

---

[1] *See also Warren v. Turner Security, Inc.*, No. 06-CV-1002-JEC, 2008 WL 11322956 (N.D. Ga. Dec. 24, 2008) (confidential settlement agreement filed under seal); *Farmer v. Synergy Refrigeration, Inc.*, No. 14-CV-03336-ELR, 2016 WL 7428227 (N.D. Ga. Mar. 4, 2016) (same). In line with this reasoning, the Court's "Procedures for Electronic Filing Under Seal in Civil Cases" permit parties to seek leave to file documents under seal, including settlement agreements.

68151678.1

that the Confidential Settlement Agreement and its terms be kept confidential. Disclosure of this information would be harmful and prejudicial to the parties if made public, and that risk of harm outweighs any public interest in public access.

Therefore, in the event the Court requires review of the Confidential Settlement Agreement prior to entering a dismissal order, Plaintiffs and Settling Defendants would like to maintain the privacy and confidentiality of all terms in their Confidential Settlement Agreement by filing the agreement under seal. Additionally, if the Court allows the Confidential Settlement Agreement to be filed under seal, Settling Defendants request that the Court restrict access to the sealed document to Plaintiffs' lawyers, and lawyers from the following law firms who have entered appearances for the Settling Defendants:  Polsinelli PC and the Law Offices of Levi Williams, P.A.  Both requests are contemplated by the Court's "Procedures for Electronic Filing Under Seal in Civil Cases."

Alternatively, if the Court does not grant this Motion, Plaintiffs and Settling Defendants agree that the Confidential Settlement Agreement should be struck from the docket rather than filed or made available publicly, and agree to this Court's retention of jurisdiction to enforce the Confidential Settlement Agreement whether or not the Confidential Settlement Agreement is filed with the Court.

## CONCLUSION

Plaintiffs and Settling Defendants request that the Court grant this Motion and allow them to file their Confidential Settlement Agreement under seal. Additionally, Settling Defendants request that the Court restrict access to the sealed Confidential Settlement Agreement to Plaintiffs' lawyers and the following law firms who have entered appearances for the Settling Defendants: Polsinelli PC and the Law Offices of Levi Williams, P.A.

Respectfully submitted this 11th day of April, 2019.

By: */s/ Jeffrey S. Gleason*
**BALCH & BINGHAM LLP**
T. Joshua R. Archer
Christopher S. Anulewicz
30 Ivan Allen, Jr. Blvd. N.W.
Suite 700
Atlanta, GA 30308
T: (404) 962-3556
F: (404) 261-3656
jarcher@balch.com
canulewicz@balch.com

**ROBINS KAPLAN LLP**
Jeffrey S. Gleason (admitted *PHV*)
Randall Tietjen (admitted *PHV*)
Nathaniel J. Moore (admitted *PHV*)
Amira A. ElShareif (admitted *PHV*)
Jaime J. Wing (admitted *PHV*)
800 LaSalle Ave
Minneapolis, MN 55402
T: (612) 349-8500

By: */s/ Dmitry Shifrin*
**POLSINELLI PC**
Brian McEvoy
Ellen Persons
1201 W. Peachtree St., Suite 1100
Atlanta, Georgia 30309
Telephone: (404) 253-6000
bmcevoy@polsinelli.com
epersons@polsinelli.com

Dmitry Shifrin
150 N. Riverside Plaza, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-6325
dshifrin@polsinelli.com

**THE ALEEM LAW FIRM**
Yussuf Abdel-Aleem
1355 Peachtree Road
Atlanta, GA 30309
Telephone: (678) 389-9841

6

F: (612) 339-4181
jgleason@robinskaplan.com
rtietjen@robinskaplan.com
nmoore@robinskaplan.com
aelshareif@robinskaplan.com
jwing@robinskaplan.com

*Attorneys for Plaintiffs*

yussuf@josephaleem.com

**JOSEPH, ALEEM & SLOWIK, LLC**
Mohamad Ahmad
1355 Peachtree Street, Suite 700
Atlanta, GA 30309
(404) 220-9178
mohamad@josephaleem.com

**DI PIETRO PARTNERS, LLP**
901 East Las Olas Blvd.
Suite 202
Fort Lauderdale, FL 33301
(954) 712-3070
David@ddpalaw.com

**LAW OFFICES OF LEVI WILLIAMS**
Levi Williams
Chad Marcus
12 SE 7th Street
Suite 700
Ft. Lauderdale, FL 33301
(954) 463-1626
Levi@leviwilliamslaw.com
chad@leviwilliamslaw.com

*Attorneys for Settling Defendants*

7

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to LR 5.1B and 7.1D, that the foregoing *Motion And Memorandum In Support* complies with the font and point selections approved by the court in LR 5.1B.

Prepared this 11th day of April, 2019.

>By: */s/ Dmitry Shifrin*
>Brian McEvoy
>Georgia Bar No. 490845
>POLSINELLI PC
>1201 West Peachtree St., Suite 1100
>Atlanta, Georgia 30309
>Telephone: (404) 253-6000
>bmcevoy@polsinelli.com
>
>Dmitry Shifrin (pro hac vice)
>POLSINELLI PC
>150 N. Riverside Plaza, Suite 3000
>Chicago, Illinois 60606
>Telephone: (312) 463-6325
>dshifrin@polsinelli.com
>
>*Attorneys for Settling Defendants*

68151678.1

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Motion And Memorandum In Support* has been served on all attorneys of record in the above captioned case, via the CM/ECF filing system.

This 11th day of April, 2019.

                                                  By: */s/ Dmitry Shifrin*
Brian McEvoy
Georgia Bar No. 490845
POLSINELLI PC
1201 West Peachtree St., Suite 1100
Atlanta, Georgia 30309
Telephone: (404) 253-6000
bmcevoy@polsinelli.com

Dmitry Shifrin (pro hac vice)
POLSINELLI PC
150 N. Riverside Plaza, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-6325
dshifrin@polsinelli.com

*Attorneys for Settling Defendants*

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| BLUE CROSS AND BLUE SHIELD OF GEORGIA, INC., ET AL., | § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. |
| v. | § § § | 1:18-cv-01304-MLB |
| DL INVESTMENT HOLDINGS, LLC f/k/a DURALL CAPITAL HOLDINGS, LLC d/b/a CHESTATEE REGIONAL HOSPITAL; RELIANCE LABORATORY TESTING, INC.; MEDIVANCE BILLING SERVICE, INC.; AARON DURALL; JORGE PEREZ; and NEISHA CARTER ZAFFUTO, | § § § § § § § § § § § § § | |
| Defendants. | | |

## [PROPOSED] ORDER GRANTING JOINT MOTION FOR LEAVE TO FILE CONFIDENTIAL SETTLEMENT AGREEMENT UNDER SEAL

Plaintiffs and Defendants DL Investment Holdings, LLC f/k/a Durall Capital Holdings, LLC d/b/a Chestatee Regional Hospital, Reliance Laboratory Testing, Inc., Medivance Billing Serv., Inc., Aaron Durall, and Neisha Carter Zaffuto moved the Court for an Order granting leave to file their Confidential Settlement Agreement under seal. Having considered the motion, it is hereby ordered that the

3

68151678.1

joint motion for leave to file the Confidential Settlement Agreement under seal is GRANTED.

It is further ordered that access to the sealed Confidential Settlement Agreement is restricted to Plaintiffs' lawyers and lawyers from the following law firms who have entered appearances for the Settling Defendants: Polsinelli PC and the Law Offices of Levi Williams, P.A.

**SO ORDERED.**

Dated:

    Hon. Michael L. Brown
    United States District Court Judge